# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In Re:<br><br>Kenneth Arthur McClarty and Gunganit Senawong McClarty,<br><br>Debtors. | Case No. 19-42571-BDL<br><br>Adversary No.<br><br>**ADVERSARY COMPLAINT** |
| Pannette LLC<br><br>Plaintiff,<br><br>v.<br><br>Kenneth Arthur McClarty and Gunganit Senawong McClarty<br><br>Defendants | |

Comes now Plaintiff Pannette LLC for claims against Debtors Kenneth Arthur McClarty and Gunganit Senawong McClarty and hereby alleges as follows:

### I. PARTIES

1. Plaintiff Pannette LLC s is a Limited Liability Company located in Rochester, WA.

**ADVERSARY COMPLAINT**
Page 1

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

2. Defendant Kenneth McClarty ("McClarty") and Gunganit Senawong McClarty are a married couple, residents of Olympia, Washington, McClarty is the Governor of Thurston Electric, Inc., and all acts and omissions described herein were for the benefit of their marital community.

3. Defendants are currently in a Chapter 7 Bankruptcy.

## II. JURISDICTION AND VENUE

5. This adversary proceeding is authorized by Fed. Bankr. R. Proc. 7001(6) in that it seeks judgment to determine a debtor is non-dischargeable and to liquidate that debt.

4. Thus, this Court has subject matter jurisdiction over this matter, under 28 U.S.C. § 157(b)(2); and, this matter is a core proceeding.

5. This Court has personal jurisdiction over the Defendant and the Defendant resides within the confines of the Western District of Washington.

6. Venue is proper in the United States Bankruptcy Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL BACKGROUND

7. Kenneth McClarty, acting as a governor of Thurston Electric, LLC ("Thurston Electric"), executed an agreement with Plaintiff, Pannette LLC ("Pannette") on 07/10/2017 ("The Agreement"). See Exhibit A.

**ADVERSARY COMPLAINT**
Page 2

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

8. By Executing this The Agreement, Defendant agreed to Plaintiffs terms and conditions.

9. The Plaintiff was built a warehouse/facility in Rochester, WA located at 19211 Seaway St SW, Rochester, WA 98579 (FKA 5831 192nd Ave SW, Rochester, WA 98579) ("The Building"), which required extensive electrical work.

10. Thurston Electric, owned by defendant, Ken McClarty, was hired under The Agreement as the electrical contractor to do, amongst other things, install electric into the building.

11. Pursuant to The Agreement, Plaintiff was to pay Thurston Electric $246,300.00 for labor and materials pursuant to the Agreement.

12. Plaintiff paid regular progress payments to Thurston Electric on the project totaling $204,900.00 ("The Payment").

13. Plaintiff relied on the Defendants and Thurston Electric to pay subcontractors for the performance of work on The Building.

14. During the pendency of the project, the Defendant's company did not pay some of the electrical material suppliers and/or subcontractors.

15. As a result of the failure to pay electrical material suppliers and/or subcontractors three material suppliers and/or subcontractors, Rexal, Inc dba Platt Electric Supply ("Platt"), North Coast Electric Company ("North Coast"), Tyler Rental, Inc ("Tyler") filed liens against the Plaintiff's property which was subject to The Agreement totaling about $185,363.00.

16. The first unpaid lien was from Judgment Creditor Platt, in the amount of

**ADVERSARY COMPLAINT**
Page 3

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

$130,149.02 against Defendant and his companies Thurston Electric, LLC and Thurston Electric, Inc. This was the result of Defendant and his companies Thurston Electric, LLC, and Thurston Electric, INC purchasing supplies and materials for work on the Plaintiff's property and not paying the supplies and materials purchased.

17. The Plaintiff paid $100,000 to Platt to resolve this dispute. Creditor Platt assigned its Judgment against Defendants and his companies Thurston Electric, LLC and Thurston Electric, Inc to Plaintiff Pannette under King County Case # 19-2-07967-3. See Exhibit B.

18. The second lien was filed by Judgment Creditor North Coast in the amount of $27,228.65 against Defendant and his company Thurston Electric, LLC. This was the result of Defendant and his company Thurston Electric, LLC purchasing supplies and materials for work on the Plaintiff's property and not paying the supplies and materials purchased.

19. The Plaintiff paid $20,000 to North Coast to resolve the dispute.

20. Creditor, North Coast assigned their Judgment against to Plaintiff Pannette, LLC under Thurston County Superior Court # 18-2-04574-34. Exhibit C.

21. The third lien was from Judgment Creditor Tyler by information and belief to be in the amount of $27,985.33 against Defendant and his company Thurston Electric LLC. This was the result of the Defendant executing a personal guaranty to purchase equipment rented from the Defendant to work on Plaintiffs property for work on the Plaintiffs property and not paying for the electric materials.

22. Creditor Tyler filed a claim of lien under Thurston County Auditor's File

**ADVERSARY COMPLAINT**
Page 4

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

No. 4649476 against Pannette's Real Property.

23. The Plaintiff paid $9,000 Tyler to resolve the dispute.

24. Subsequently Tyler assigned the rights to the personal guaranty to Plaintiff to recover amounts in connection with the lien claim. Exhibit D.

25. Platt, North Coast and Tyler's claims totaled $155,213.98, but were settled for the total amount of $129,000.

26. Plaintiff paid Defendant in full for work, labor and materials performed or provided by, and Defendant used The Payment given for another purpose believed to be unrelated to the Defendants companies Thurston Electric LLC and Thurston Electric Inc. as Platt, North Coast and Tyler were never paid for their work performed resulting in the Plaintiff paying the subcontractors for the work performed.

27. Plaintiff has paid approximately $45,000 in attorney fees in an attempt to resolve the dispute with the Defendant and his company.

28. The work contracted with the Defendants company Thurston Electric LLC was partially performed but not completed.

29. By information and belief, the Defendants and their company Thurston Electric LLC were insolvent at the time they entered into The Agreement.

30. No payment has been tendered on account of the judgment.

## IV. FIRST CLAIM FOR RELIEF:

## False Pretenses §523(a)(2)(A)

ADVERSARY COMPLAINT
Page 5

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

31. Plaintiff incorporates the preceding allegations as if fully set forth herein.

32. McClarty falsely represented to Plaintiff and/or concealed from Plaintiff certain other material facts regarding his skills, ability, capacity and authority to pay for the materials and perform the services that were the subject of the Agreement.

33. McClarty's representations were false, made with his knowledge of their Falsity and made with the intent that his representations should be acted upon by Plaintiff.

34. Plaintiff was ignorant of Defendants concealments and did not know that Defendant was not using the money that the Plaintiff paid him for paying for the labor and materials that were subject to the agreement.

35. As a direct and proximate cause of McClarty's misrepresentations and omissions, Plaintiff suffered damages in an amount to be proven at trial but not less than $205,000.

36. Plaintiff had no reason to doubt Defendant and did not know of the falsity of his representations and justifiably relied on McCarty's misrepresentations in signing the agreement and advancing The Payment. Plaintiff would not have entered into the contract and advanced The Payment to McClarty if he had known that he did not intend to pay for the materials and labor.

37. The Plaintiff was unaware that the Defendants and their company Thurston Electric LLC were insolvent at the time of entering into The Agreement.

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

38. The Plaintiff was not aware of the nonpayment to Platt, North Coast and Tyler until the above-mentioned liens were filed and Plaintiff immediately stopped making payments to Defendant and did advance anymore The Payment.

39. Under §523(a)(2)(a), the Debtors are not entitled to a discharge of the debt because they induced Plaintiff into advanced payment under false pretenses.

## V. SECOND CLAIM FOR RELIEF:

### False Representations and Fraud §523(a)(2)(A)

39. Plaintiff incorporates by this reference each and every allegation stated above as if fully set forth.

40. Defendants made false and misleading statements of material fact, and failed to disclose material facts to induce Pannette to enter into the agreement and advance payments of $205,000 to McClarty.

41. McClarty knew that his representations and/or failure disclose material information to Plaintiff were false and misleading /or failure disclose material information, and knew that the Plaintiff would rely upon his misrepresentations and failures to disclose. McClarty made false representations and failed to disclose material facts with the intent to deceive and defraud Plaintiff.

42. Plaintiff did not know of the falsity of Defendants representation, and he justifiably relied upon McClarty's misrepresentations and failure to disclose facts. McClarty's fraudulent conduct caused Plaintiff to sustain substantial financial losses in an amount to be proven at trial, but at least $204,900.

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

43. The Plaintiff was unaware that the Defendants and their company Thurston Electric LLC were insolvent at the time of entering into The Agreement.

44. Under §523(a)(2)(A), the Defendants are not entitled to a discharge as to the amounts paid because the money what was obtained from the Plaintiff was obtained by false pretenses and actual fraud.

## VI. THIRD CLAIM FOR RELIEF:

### Embezzlement and/or Larceny §523(a)(4)

45. Plaintiff incorporates by this reference each and every allegation stated above as if fully set forth.

46. There were several progress payments made from the Plaintiff to the Defendant and the Defendant defrauded Plaintiff by continuing to work on the project, using laborers, equipment and materials without notifying the Plaintiff he was not paying the subcontractors.

47. Defendant took possession of The Payment in the total amount of $204,900 and by information and belief, appropriated The Payment to uses other than the use for which they were entrusted to McClarty under circumstances indicating Fraud.

48. The Plaintiff was unaware that the Defendants and their company Thurston Electric LLC were insolvent at the time of entering into The Agreement.

49. Under 11 U.S.C §523(a)(4), the Defendants are not entitled to a discharge because the $204,900 of some portion thereof converted resulting in embezzlement and/or larceny.

**ADVERSARY COMPLAINT**
Page 8

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

## VII. FOURTH CLAIM FOR RELIEF:

## Fraud in Fiduciary Capacity §523(a)(4)

50. Plaintiff incorporates by this reference each and every allegation stated above as if fully set forth.

51. Defendant owed fiduciary duties to Plaintiff in connection with the fully Completed work on The Real Property, the Plaintiff reposed trust and Confidence in the Defendant and Thurston Electric, LLC and Thurston Electric, Inc with respect to The Agreement, creating a duty to disclose material facts on the part of the Defendant. The Defendant had a fiduciary as well as a contractual duty to safeguard the allowance of The Payment.

52. Defendant committed fraud and defalcation in his fiduciary capacity by, among other acts and omissions: (a) obtaining The Agreement and The Payment by false pretenses and deception (b) making false representations of material fact and failing to disclose material facts.

53. By information and belief, the Defendant commingled his own personal assets with assets of the Plaintiff in breach of his fiduciary and legal duties to keep his personal funds and accounts separate from the LLC.

54. The Plaintiff was unaware that the Defendants and their company Thurston Electric LLC were insolvent at the time of entering into The Agreement.

55. Defendant breached his fiduciary duties and personally benefited from the

**ADVERSARY COMPLAINT**
Page 9

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

1  agreement by using The Payment for personal use, causing Plaintiff financial loss. commingled his own personal assets with assets of the Plaintiff in breach of his fiduciary and legal duties to keep his personal funds and accounts separate from the LLC.

56. Under 11 U.S.C §523(a)(4), the Defendants are not entitled to a discharge of the debt because Defendants perpetrated fraud and misappropriated The Payment in their fiduciary capacity by converting The Payment that should have been used to pay Platt, North Coast and Tyler money due and owing to them to their own use.

## VIII. FIFTH CLAIM FOR RELIEF:

### Willful and Malicious Injury §523(a)(6)

57. Plaintiff incorporates by this reference each and every allegation stated above as if fully set forth.

58. Defendant intentionally agreed to The Agreement with Plaintiff, knowing he was not going to perform under the contract and misappropriate The Payment.

59. As a direct and proximate cause of the conversion of The Payment and the Plaintiff has been damaged in an amount to be proven at trial, but not less than $204,900.

60. The deliberate acts and omissions of the Defendant constitute a willful and malicious injury, within the meaning of 11 U.S.C. § 523(a)(6).

61. Defendant deliberately and intentionally did not use The Payment to pay Platt, North Coast and Tyler money due and owing to them.

62. Plaintiff was unaware that the Defendants and their company Thurston Electric LLC were insolvent at the time of entering into The Agreement.

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888

63. Defendant intentionally and wrongfully converting The Payment and/or a portion thereof and deprived Plaintiff of either possession or value.

## IX. PRAYER FOR RELIEF

Wherefore, having stated a claim against Defendant, Plaintiff prays for relief as follows:

A. For judgment determining the debt owed to Plaintiff in an amount to be proven at trial, but not less than $205,000 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), § 523(a)(4), 523(a)(6).

B. For attorney's fees and costs incurred herein pursuant to contract and statute; and

C. For such other and further relief as this Court deems just and equitable.

DATED this 8th day of November 2019

          By /s/ David C. Smith
          DAVID C. SMITH, WSBA #29824
          Attorney for Defendants
          Law Offices of David Smith, PLLC
          201 Saint Helens Avenue
          Tacoma, WA 98402
          253.272.4777 phone
          253.461.8888 fax

ADVERSARY COMPLAINT
Page 11

**David Clement Smith**
ATTORNEY AT LAW
201 Saint Helens Avenue
TACOMA, WASHINGTON 98402
TELEPHONE (253) 272-4777
FAX (253) 461-8888